IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| INTEGRATED HEALTH SERVICES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. WMN-03-350 |
| NEW SURFSIDE ADMINISTRATORS, LLC, | ) |
| Defendant. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION**

**INTRODUCTION**

New Surfside Administrators, LLC ("Surfside" or "Defendant") by its undersigned counsel, and pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, respectfully submits this memorandum in support of its pending Motion to Dismiss. This case should be dismissed because Integrated Health Services, Inc. ("IHS" or "Plaintiff") fails to allege that Surfside, a limited liability company organized under the laws of New York with its principal place of business in White Plains, New York, is subject to personal jurisdiction in this Court.

Plaintiff purports to bring this diversity action for breach of contract and unjust enrichment against Surfside without first pleading facts that, if proven, would establish the Court's personal jurisdiction over the defendant. The Complaint does not even mention, much less sufficiently plead, personal jurisdiction. In particular, the

Complaint does not allege facts capable of proving that Surfside has any continuous or systematic business ties with Maryland. Nor does the Complaint allege facts capable of proving that the breach of contract or unjust enrichment claims arose from Surfside's minimum contacts with Maryland.

What Plaintiff does allege is that Surfside is a limited liability company organized under the laws of New York, with its principal place of business in White Plains, New York. The contract at issue, attached to the Complaint, involves the operation of facilities located in the State of Florida. The only conceivable contacts with Maryland are that Plaintiff, a Delaware corporation, operates principally out of Maryland, and that the contract provides that it should "be interpreted in accordance with the laws of Maryland." As a matter of law, however, neither of these connections constitutes the constitutionally required minimum contacts between the forum state and the Defendant.

## ARGUMENT

The Plaintiff bears the burden of establishing that personal jurisdiction is "proper under the Maryland Long-Arm Statute and consonant with due process considerations." Municipal Mortgage & Equity, LLC v. Southfork Apartments Ltd. Partnership, 93 F. Supp. 2d 622, 626 (D. Md. 2000) (citations omitted). The Complaint in this case fails to allege, let alone establish, any basis for this Court to exercise personal jurisdiction over Surfside.

This Court has authority to exercise personal jurisdiction over a non-resident defendant if the "applicable state 'long arm' statute confers jurisdiction" and "the assertion of jurisdiction comports with the constitutional requirement of due

process." Nichols v. G.D. Searle & Co., 783 F. Supp. 233, 236 (D. Md. 1992).  Because the Maryland long-arm statute, Md. Cts. & Jud. Proc. Art. § 6-103, extends jurisdiction to the constitutional limits, see Geelhoed v. Jensen, 277 Md. 220 (1976), Mylan Laboratories, Inc. v. AZKO, N.V., 2 F.3d 56 (4th Cir. 1993), this Court's personal jurisdiction over Surfside is a function of Surfside's contacts with Maryland, and depends upon whether those contacts satisfy the constitutional "minimum contacts" standard.  See Ashai Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 108-9 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)) ("The constitutional touchstone of the determination whether an exercise of personal jurisdiction comports with due process remains whether the defendant purposefully established 'minimum contacts' in the forum state.").

When determining whether a defendant's contacts with the forum state satisfy the constitutional minimum contacts standard, courts distinguish between the exercise of "specific" jurisdiction and "general" jurisdiction.  See Nichols, 783 F. Supp. at 237.  "'Specific jurisdiction' is conferred on a court when a cause of action arises out of defendant's minimum contacts to the forum."  Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).  A court exercises general jurisdiction when the claims at issue themselves have no contact with the forum.  Id.  The standard of required contact between the defendant and the forum state is higher for general jurisdiction than the standard for specific jurisdiction.  A court may only exercise general jurisdiction "upon a showing that the defendant's contacts are of a 'continuous and systematic' nature."  Id. (quoting Helicopteros, 466 U.S. at 416).  "This general jurisdiction standard ensures that the defendant has a sufficient connection with the

forum" and allows the forum state to "impose on the defendant the obligations as well as the privileges of maintaining continuous contacts." <u>Id</u>.

Whether analyzed as a matter of specific or general jurisdiction, IHS's failure to allege that Surfside has the requisite contacts with the State of Maryland makes it clear that Plaintiff has not met its burden to plead personal jurisdiction. <u>See</u> <u>Municipal Mortgage</u>, 93 F. Supp. 2d at 626. The Complaint makes no suggestion that Surfside has contacts with the State of Maryland that are "continuous and systematic" enough to support the exercise of general jurisdiction. <u>See</u> <u>Talegen Corp. v. Signet Leasing and Financial Corp.</u>, 104 Md. App. 663, 671, 657 A.2d 406, 410 (1995) ("General jurisdiction exists where a party has been 'doing business' generally in the forum state . . . ."); <u>Smith v. Jefferson County Chamber of Commerce</u>, 683 F. Supp. 536, 538 (D. Md. 1988) (citations omitted) (noting that the exercise of general jurisdiction requires "a showing of continuous and systematic general business contacts"). The Complaint nowhere refers to any contacts Surfside has with Maryland that conceivably or reasonably could be characterized as "continuous and systematic." For example, the Complaint does not allege that Surfside operates or manages businesses located in Maryland; that it has a registered agent in Maryland; that it is licensed or chartered to do business in Maryland; that it has offices or employees in Maryland; that it has bank accounts or telephone listings in Maryland; that it pays taxes in Maryland; or that it owns or leases real property in Maryland. In short, IHS does not allege <u>any</u> facts that would possibly require Surfside to sustain "the obligations as well as the privileges of maintaining continuous contacts." <u>Nichols</u>, 783 F. Supp. at 237.

The question, therefore, becomes whether Plaintiff adequately pled that this cause of action arises out of any minimum contacts that Surfside has with Maryland.  See Nichols, 783 F. Supp. at 237.  The Plaintiff has requested monetary and other relief to redress breach of contract and unjust enrichment claims, but has alleged no minimum contacts between Surfside and Maryland that are related to those claims.  The only conceivable minimum contacts implied in the Complaint are that 1) Surfside entered into a contract to perform services with a corporation having its principal place of business in Maryland, and 2) the contract at issue provides that it "should be interpreted in accordance with the laws of Maryland."  Neither of these facts is sufficient to establish the personal jurisdiction of this Court.

Entering into a contract for services from a Maryland resident, even if all the services are rendered in Maryland, does not subject a defendant to personal jurisdiction in Maryland.  See Zavian v. Foudy, 130 Md. App. 689, 700, 747 A.2d 764, 770-71 (2000) ("The professional services rendered by [plaintiff] in Maryland for the nonresident [defendants] could best be termed as business **from** Maryland, or as the Supreme Court put it, 'unilateral activity,' rather than business **within** Maryland.  These services could have been conducted from any where.") (emphasis in original) (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum state.")).  The court in Zavian held that management contracts between nonresident athletes and their agent, under which the agent negotiated commercial endorsements for the athletes from her Maryland office, did not establish specific personal jurisdiction so that the agent could sue the athletes

6

for breach of contract in a Maryland court.  130 Md. App. at 691-92, 700, 747 A.2d at 765-66, 770-71.  The same analysis applies here: any activities performed by IHS to operate Florida facilities under the services contract with non-resident Surfside cannot confer personal jurisdiction over Surfside because these services were the "unilateral activity" of Plaintiff that "could have been conducted from any where."  See id.

Furthermore, the contract's provision that it should "be interpreted in accordance with the laws of Maryland," standing alone, cannot establish the requisite minimum contacts with Maryland in this case.  See Rudzewicz, 471 U.S. at 482 (explaining that a contractual choice of laws provision "standing alone would be insufficient to confer jurisdiction").

Plaintiff has not met its initial burden to plead personal jurisdiction in Maryland.  In fact, the Complaint fails to address the issue of personal jurisdiction at all.  Moreover, the facts alleged in the Complaint, if proven, do not establish that Surfside has contacts with Maryland necessary to confer personal jurisdiction.  Accordingly, Surfside respectfully asks this Court to dismiss this case for lack of personal jurisdiction.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that its Motion to Dismiss be granted.

Respectfully submitted,

/s/
Ralph S. Tyler (Fed. Bar No. 01747)
HOGAN & HARTSON L.L.P.
111 South Calvert Street, Suite 1600
Baltimore, Maryland 21202
(410) 659-2700
(410) 539-6981 (Fax)

Attorney for Defendant New Surfside Administrators, LLC

March 13, 2003