IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | | |
|---|---|---|
| INTEGRATED HEALTH SERVICES, INC., | ) | |
| | ) | Civil Action No. WMN-03-350 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEW SURFSIDE ADMINISTRATORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff Integrated Health Services, Inc. ("IHS") hereby opposes the Motion To Dismiss For Lack of Personal Jurisdiction of Defendant New Surfside Administrators, LLC ("Defendant"). Defendant's motion has no basis in fact or law. It must fail because it ignores well-established principles of notice pleading, disregards controlling authority, and overlooks the plain language of the Complaint and the incorporated Exhibit. The Complaint and its Exhibit made clear that: based on its express language, the contract in dispute was "deemed to have been made" in Maryland and would be interpreted in accordance with the laws of Maryland (Complaint, Ex. "A" ¶ 6.8); the contract necessitated continuing communications and interaction between Defendant and IHS at its principal place of business in Maryland; and Defendant breached the contract. Since the Complaint and its Exhibit satisfy the notice requirements of Fed. R. Civ. P. 8(a), Defendant's motion should be denied.

## **BACKGROUND**

On February 5, 2003, IHS filed its Complaint, seeking a judgment against New Surfside awarding damages, prejudgment interest and costs, for breach of contract and unjust enrichment. The Complaint alleged that IHS and New Surfside were parties to an Interim Services Agreement (the "Services Agreement").  Complaint ¶ 2.  A true and correct copy of the Services Agreement was attached as Exhibit "A" to the Complaint.  Complaint ¶ 10.  The Complaint outlined the basic facts of the dispute, and alleged that in June 2002, at Defendant's request, IHS agreed to perform certain services with respect to fourteen skilled nursing facilities for a period that ran from in or about June 2002 through September 30, 2002.  Complaint ¶ 2.  This agreement was embodied in the Services Agreement.  *Id.*  The Complaint further alleged that, while IHS substantially met all of its contractual duties under the Services Agreement, Defendant failed to meet its contractual obligations under the Services Agreement by refusing to pay IHS amounts owed for services performed and payments advanced by IHS during the June through September 2002 transition period.  Complaint ¶¶ 3-4.

In addition to the express language of the Services Agreement which specifically provides that it was "deemed to have been made" in Maryland, the Complaint and attached Exhibit "A" set forth numerous specific facts that put Defendant on notice of the existence of personal jurisdiction over Defendant:

- Defendant requested that IHS, a corporation with its principal place of business in Sparks, Maryland, enter into the Services Agreement. Complaint ¶ 2, 5;

- Pursuant to the Services Agreement, IHS agreed to continue to perform certain services and advance certain payments from in or about June 2002 through September 30, 2002.  Complaint ¶ 10;

- The Services Agreement stated that it "shall be deemed to have been made" in Maryland. Complaint, Ex. "A" ¶ 6.8;

- The Services Agreement stated that it "shall be construed and interpreted in accordance with the laws of the State of Maryland." Complaint, Ex. "A" ¶ 6.8;

- The Services Agreement required Defendant to pay fees and reimbursables to IHS in Maryland. Complaint, Ex. "A" ¶ 2.1; and

- The Services Agreement was performed, in part, by IHS acting from its offices in Sparks, Maryland. Complaint ¶ 10.

Specifically, pursuant to the agreement, IHS performed numerous services of the type that required Defendant's communication and interaction with IHS in Maryland (such as administering human resources, employee benefits, and payroll, performing billing and collection functions, administering the payment of accounts payable, and performing bookkeeping and accounting functions). Complaint ¶ 12; Affidavit of Matthew J. Box ("Box Aff.") ¶ 3 (Exhibit "1" to this Opposition).

## ARGUMENT

Although styled as a motion to dismiss for lack of personal jurisdiction, Defendant has presented no argument, much less evidence by affidavit or otherwise, that Defendant is not subject to suit in Maryland. Rather, Defendant contests only the sufficiency of the pleadings.[1] In its motion, Defendant ignores controlling law and overlooks the plain language of the

---

[1]    Should the Court disagree that the Complaint and Exhibit "A" set forth sufficient facts to allow the assertion of personal jurisdiction over Defendant, the appropriate remedy is not dismissal of the Complaint. Rather, IHS should be permitted to obtain discovery from Defendant regarding its contacts with Maryland. *See Burns & Russell Co. Of Baltimore v. Old Castle, Inc.*, 166 F. Supp. 2d 432, 442 (D. Md. 2001) (granting plaintiff's motion for jurisdictional discovery upon a showing that "the facts bearing on the question of jurisdiction are genuinely in dispute"); *see also Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993) (holding that "limited discovery [is] warranted to explore jurisdictional facts").

Complaint and its incorporated Exhibit "A." Indeed, Defendant's selective quotation  of  only

half of a significant sentence in Exhibit "A" is potentially misleading.[2]

## The Legal Standard

A federal complaint need not specifically allege personal jurisdiction over a defendant.

*See Stirling Homex Corp. v. Homasote Co.*, 437 F.2d 87, 88 (2d Cir. 1971) (per curiam)

("jurisdiction" as the word is used in Rule 8 refers to subject matter jurisdiction, not personal

jurisdiction); *Burger King Corp. v. Holder*, 844 F. Supp. 1528, 1531 (S.D. Fla. 1993) (same); *see*

*also* 4 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1067.6 (3d ed.

2002) ("under Federal Rule 8(a) plaintiffs are not required to plead the basis for personal

jurisdiction over defendants.").

Indeed, even where a defendant has properly challenged personal jurisdiction, a plaintiff

need only identify facts that make a *prima facie* showing that supports a reasonable inference

that the defendant can be subjected to personal jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676

(4th Cir. 1989); *Giannaris v. Cheng*, 219 F. Supp. 2d 687, 691 (D. Md. 2002). A plaintiff's

allegations, standing alone, can meet this standard. *Dowless v. Warren-Rupp Houdailles, Inc.*,

800 F.2d 1305, 1307 (4th Cir. 1986) ("mere allegations are sufficient to satisfy the statutory

requirements" of the applicable long-arm statute). In this inquiry, "the court must construe all

relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and

draw the most favorable inferences for the existence of jurisdiction." *Combs*, 886 F.2d at 676.

---

[2]      IHS tried to resolve Defendant's motion informally, by directing Defendant to specific portions of the
Complaint and Exhibit "A" that set forth facts pertinent to personal jurisdiction, and by identifying controlling law
that makes clear that Defendant's motion is meritless. *See* March 19, 2003 letter from Rodney H. Glover to Ralph
S. Tyler (Exhibit "2" to this Opposition). Defendant rebuffed this effort and insisted upon motions practice.

Moreover, both the complaint and its exhibits are considered. Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.").[3]

A federal court may exercise personal jurisdiction over a defendant in the manner provided by the law of the state in which the district court sits. Fed. R. Civ. P. 4(k)(1)(A); *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1199 (4th Cir. 1993) (court sitting in diversity has personal jurisdiction over a non-resident defendant if an applicable state long-arm statute confers jurisdiction and assertion of jurisdiction is consistent with constitutional due process). The Maryland long-arm statute extends jurisdiction to the constitutional limits of due process. *Geelhoed v. Jensen*, 352 A.2d 818, 821 (Md. 1976) ("As noted repeatedly in the cases, the long arm statute represents an effort by the Legislature to expand the boundaries of permissible in personam jurisdiction to the limits permitted by the Federal Constitution").

Due process requires that the defendant have "minimum contacts" with Maryland "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Wash. Office of Unemployment Compensation & Placement*, 326 U.S. 310, 316 (1945). Such "minimum contacts" are established when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). Physical presence within the forum state is not required to establish personal jurisdiction over a non-resident defendant. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) ("Jurisdiction. . .may not be avoided merely because the defendant did not *physically* enter the forum State.") (emphasis in original); *see also Giannaris*, 219 F. Supp. 2d at 692.

_____

[3] As it must, Defendant concedes that Exhibit "A" should be considered. *See* Defendant's Memorandum at 5.

A court exercises specific jurisdiction where the suit arises out of or is related to a defendant's contacts with the forum state, and general jurisdiction where a defendant has directed continuous and systematic activities toward a forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414-416 (1984). Even a single contact with the forum state can give rise to specific jurisdiction. *See Giannaris*, 219 F. Supp. 2d at 692 (citing *Burger King*, 471 U.S. at 477-478, for the proposition that "[t]he Supreme Court has held that even a single contact may be sufficient to create jurisdiction when the cause of action arises out of that single contact").

### The Complaint Alleges Sufficient Facts To Subject Defendant To Suit Under The Maryland Long-Arm Statute

It is indisputable that Defendant transacted business in Maryland by entering into the Services Agreement, thus subjecting itself to jurisdiction under Maryland's long-arm statute. The relevant portion of Maryland's long-arm statute provides:

> A court may exercise personal jurisdiction over a person, who directly or by an agent: (1) transacts any business or performs any character of work or service in the State.

Md. Code Ann Courts and Judicial Proceedings § 6-103(b)(1) (emphasis added). In deciding what constitutes "transacting business," the strongest factor is "whether the defendant initiated the business relationship in some way." *Nueva Eng'g, Inc. v. Accurate Elecs., Inc.*, 628 F. Supp. 953, 955 (D. Md. 1986). IHS entered into the Services Agreement at Defendant's request. Complaint ¶ 2, 9; Box Aff. ¶ 4.

Although Defendant conveniently omitted the relevant language from the text quoted in its memorandum (Defendant's Memorandum at 5), it is undisputed that Defendant agreed that the Services Agreement would be "deemed to have been made" in Maryland. Complaint, Ex.

"A" ¶ 6.8.  Accordingly, Defendant has assented to the assertion of personal jurisdiction in Maryland.  Courts have consistently held that a defendant who enters into a contract in a forum state is subject to personal jurisdiction there, because the defendant has "transacted business" in that state and has therefore purposefully availed itself of the benefits and protections of the forum state's laws. *See Jason Pharms., Inc. v. Jinas Bros. Packaging Co.,* 617 A.2d 1125, 1128 (Md. Ct. Spec. App. 1993) (foreign corporation's "one-transaction" contract entered into in Maryland and with a Maryland corporation constituted a transaction of business within the meaning of the Maryland long-arm statute, § 6-103(b)(1)); *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957) (finding personal jurisdiction over a defendant whose single contact with the forum was the issuance of a life insurance policy to a resident of the state).

Defendant concedes that it agreed to a choice of law provision in the Services Agreement that expressly provides that the contract "shall be construed and interpreted in accordance with the laws of the State of Maryland."  Complaint, Ex. "A" ¶ 6.8; Defendant's Memorandum at 5. Under these circumstances, Defendant purposefully availed himself of the benefits of Maryland law, and certainly foresaw the possibility that he would be haled into a court in Maryland. *Burger King*, 471 U.S. at 482 (a defendant purposefully avails himself of the benefits and protections of a forum state's laws by entering into a contract that expressly provides that those laws would govern disputes); *Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F. Supp. 2d 617, 620 (D. Md. 1998) (personal jurisdiction asserted over a foreign corporation that purposefully availed itself of the benefit of Maryland law through a contractual choice of law provision selecting Maryland law).

Turning to the nature of the contractual agreement, it is clear that Defendant has "transacted business" in Maryland, bringing it within the reach of the Maryland long-arm statute. The Services Agreement required Defendant to pay fees and reimbursables to IHS in Maryland. Complaint, Ex. "A" ¶ 2.1. IHS performed many of its obligations under the contract from its offices in Sparks, Maryland. Complaint ¶ 10. Performance of the contract necessitated continuing communication and interaction between Defendant and IHS at its principal place of business in Maryland. Complaint ¶ 12; Box Aff. ¶ 5. Courts interpreting Maryland's long-arm statute are in accord that such activities are sufficient to confer personal jurisdiction. *See Prince v. Illien Adoptions Int'l Ltd.*, 806 F. Supp. 1225, 1229 (D. Md. 1992) (personal jurisdiction found where non-resident defendant solicited and entered into contract with a Maryland resident and participated in telephone and mail communications with the Maryland resident); *Choice Hotels Int'l, Inc.*, 23 F. Supp. 2d at 621 (court concluded that a "franchisee's long-term franchise agreement with [plaintiff], a Maryland resident, which imposes continuing significant contractual duties upon the franchisee, e.g., reporting and payment obligations . . . constitutes 'transacting business' under Maryland's Long-Arm statute"); *Bahn v. Chicago Motor Club Ins. Co.*, 634 A.2d 63, 68 (Md. Ct. Spec. App. 1993) (personal jurisdiction existed where "[defendant] sent notices to the [plaintiffs] in Maryland, contracted with the [plaintiffs] in [Maryland], and received payments from [the plaintiffs] sent from [Maryland]").

Finally, Defendant's reliance upon *Zavian v. Foudy*, 747 A.2d 764 (Md. Ct. Spec. App. 2000) is misplaced. That case turned on whether the activities of an agent acting from Maryland could be attributed to a non-resident principal. *Id.* at 770. Moreover, many of the significant facts here – *e.g.*, the initiation of the business relationship by the non-resident defendant, the

contract being "deemed to have been made" in Maryland, and the Maryland choice of law provision – were absent in *Zavian*.

## CONCLUSION

The Complaint and its incorporated Exhibit set forth sufficient facts to put Defendant on notice that it was subject to suit in Maryland. Defendant solicited a business relationship with IHS and entered into a contract that was expressly deemed made in Maryland, governed by Maryland law, and necessitated continuing communication and interaction between Defendant and IHS at its principal place of business in Maryland.

WHEREFORE, for the foregoing reasons, Plaintiff IHS respectfully requests that Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction be denied.

Respectfully submitted,

_____/s/_____

Rodney H. Glover
   Maryland Fed. Bar No. 07780
M. Evan Corcoran
   Maryland Fed. Bar No. 15696
Wiley Rein & Fielding LLP
1776 K Street NW
Washington, DC 20006
TEL: 202-719-7000
FAX: 202-719-7207

Counsel for Plaintiff Integrated Health
March 27, 2003                                   Services, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2003, copies of the foregoing Plaintiff's Opposition To Defendant's Motion To Dismiss For Lack Of Personal Jurisdiction, accompanying Exhibits, and proposed Order, which were electronically filed in this case on March 27, 2003, were served *via* facsimile and first-class mail, postage prepaid, on:

> Ralph S. Tyler, Esq.
> Hogan & Hartson L.L.P.
> 111 South Calvert Street, Suite 1600
> Baltimore, Maryland 21202

                                                    /s/
                                        Rodney H. Glover