

EXHIBIT "2" To Opposition

# Wiley Rein & Fielding LLP

1776 K STREET NW
WASHINGTON, DC 20006
PHONE   202.719.7000
FAX     202.719.7049

Virginia Office
7925 JONES BRANCH DRIVE
SUITE 6200
McLEAN, VA  22102
PHONE   703.905.2800
FAX     703.905.2820

www.wrf.com

March 19, 2003

Rodney H. Glover
202.719.7381
rglover@wrf.com

*VIA FACSIMILE*

Ralph S. Tyler, Esq.
Hogan & Hartson
111 S. Calvert St., Suite 1600
Baltimore, MD  21202

Re:   *Integrated Health Services, Inc. v. New Surfside Administrators, LLC,*
      Civil Action No. WMN-03-350 (D. Md.)

Dear Ralph:

I write to request that you withdraw the Motion To Dismiss For Lack Of Personal Jurisdiction, because the undisputed facts make clear that it is not warranted by existing law. My hope is that we can resolve this informally, so that we will not have to file an opposition, and potentially pursue jurisdiction-related discovery. Given the law and the undisputed facts, such motions practice could represent a needless increase in the cost of this litigation.

As I mentioned in my voicemail to you yesterday, I believe you may have overlooked Section 6.8 of the Interim Services Agreement ("ISA") which provides that "[t]his Agreement shall be deemed to have been made and shall be construed and interpreted in accordance with the laws of the State of Maryland." (Emphasis added.) Because the ISA was filed as an attachment to the Complaint, its contents are deemed incorporated. *See* Fed. R. Civ. P. 10(c). Therefore, the Complaint sufficiently pleads a basis for jurisdiction under the Maryland long-arm statute (Md. Code Ann. Cts. & Jud. Proc. § 6-103). *See Jason Pharmaceuticals, Inc. v. Jinas Brothers Packaging Co., Inc.,* 617 A.2d 1125, 1128 (Md. Ct. Spec. App. 1993) (holding that a foreign corporation's "one-transaction" contract entered into in Maryland and with a Maryland corporation constituted a transaction of business within the meaning of § 6-103(b)(1)).

The choice of law provision of the ISA is also significant. *See Choice Hotels Int'l, Inc. v. Madison Three, Inc.,* 23 F. Supp. 2d 617, 620 (D. Md. 1998) (finding that provision of contract applying Maryland law to disputes constituted evidence that defendant "purposefully availed" itself of the benefits of Maryland law for purposes of conferring personal jurisdiction).

These factors standing alone are sufficient to confer personal jurisdiction. Controlling law makes clear that your client cannot reasonably take the position that

## Wiley Rein & Fielding LLP

Ralph S. Tyler, Esq.
March 19, 2003
Page 2

it did not anticipate being haled into court in Maryland for the breach of contract made with a Maryland corporation that by its explicit terms was "deemed to have been made" in Maryland, and would be interpreted in accordance with the laws of Maryland.

In addition, as your client will certainly confirm, in negotiating the ISA and during the term of its performance your client, among other things: (1) participated in numerous telephone calls to IHS representatives in Maryland; (2) sent numerous e-mails and other written materials to IHS in Maryland; and (3) remitted payments to IHS in Maryland. Your client's actions evidence the pre-contractual and post-contractual contact with Maryland sufficient for a Maryland court to assert personal jurisdiction over your client. *See Choice Hotels Int'l, Inc., supra*, 23 F. Supp. 2d at 621 (court concluded that a "franchisee's long-term franchise agreement with [plaintiff], a Maryland resident, which imposes continuing significant contractual duties upon the franchisee, e.g., reporting and payment obligations...constitutes 'transacting business' under Maryland's Long-Arm statute"); *Prince v. Illien Adoptions Int'l Ltd.*, 806 F. Supp. 1225 (D. Md. 1992) (personal jurisdiction found where principle contacts of defendant with Maryland were a single contract executed in Maryland after solicitation by defendants in Maryland and telephone and mail negotiations by defendants with plaintiffs in Maryland); *Bahn v. Chicago Motor Club Ins. Co.*, 634 A.2d 63, 68 (Md. Ct. Spec. App. 1993) (personal jurisdiction existed where "[defendant] sent notices to the [plaintiffs] in Maryland, contracted with the [plaintiffs] in Maryland, and received payments sent by the [plaintiffs] from Maryland...").

Please consider this request for the informal resolution of this issue and let me know by Friday, March 21, 2003, so that I can avoid filing a written opposition to your motion. We can then agree on a short time within which you can file your answer.

Sincerely,

Rodney H. Glover

cc:   Ronald L. Lord, Esq.