IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| INTEGRATED HEALTH SERVICES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEW SURFSIDE ADMINISTRATORS, LLC, ) <br> ) <br> Defendant. ) <br> ) | Civil No. WMN-03-350 |

**DEFENDANT'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

**INTRODUCTION**

In this case, Integrated Health Services, Inc. ("IHS"), a Delaware corporation, with offices in Maryland, has sued New Surfside Administrators, LLC ("Surfside"), a New York company, for an alleged breach of contract related to the management of facilities located in Florida. Surfside seeks dismissal on the ground of the Court's lack of personal jurisdiction over Surfside.

IHS's memorandum in opposition to Surfside's motion mischaracterizes, if it does not outright misstate, the choice-of-law provision of the parties' contract. In the first paragraph of its opposition (as well as elsewhere), IHS asserts that "the contract in dispute was 'deemed to have been made' in Maryland." *See* IHS opp. at 1 (quoting complaint Ex. A, § 6.8).

The language of the contract provision, here quoted in full, refutes IHS's selective quotation:

> <u>Governing Law</u>.  This agreement shall be deemed to have been made and shall be construed and interpreted in accordance with the laws of the State of Maryland.

Contract, § 6.8 (complaint, Ex. A) (emphasis in original).  This provision, by its plain terms, states the parties' agreement that Maryland law would govern their contract.  The parties did <u>not</u> agree that "the contract in dispute was 'deemed to have been made' in Maryland" and, accordingly, the Court should reject IHS's effort to equate an agreement to a Maryland choice-of-law provision with "agreeing" to personal jurisdiction in the courts of Maryland.

Dismissal of this case on personal jurisdiction grounds would not harm IHS.  Following dismissal, IHS could bring a new case (or not) in a proper forum, presumably either in New York where Surfside is incorporated or in Florida where the nursing facilities, which are the subject of the parties' contract, are located.  The parties' dispute should not, however, be resolved in Maryland.

## REPLY ARGUMENT

Personal jurisdiction over Surfside requires that IHS plead sufficient facts to prove that Surfside "purposefully avail[ed]" itself "of the privilege of conducting activities in Maryland, thus invoking the benefits and protections of Maryland law."  *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 61 (4th Cir. 1993); *Giannaris v. Cheng,* 219 F. Supp. 2d 687, 692 (D.Md. 2002).

IHS's complaint and the newly minted affidavit of IHS vice president Mathew Box, which accompanies IHS's opposition, do not contain legally sufficient allegations to establish the Court's personal jurisdiction over Surfside.

Both the complaint and the Box Affidavit fail to allege that the parties' contract was negotiated in Maryland, <u>or</u> that the contract was executed in Maryland, <u>or</u> that the underlying business activity would be conducted in Maryland.  Rather, the allegations here establish only that affiliates of Surfside, a New York company, entered into a contract with affiliates of IHS, a Maryland resident incorporated in Delaware, for the temporary management of nursing home facilities located in Florida.  *See* complaint, ¶¶ 1, 2.  These allegations are not enough for this Court to exercise personal jurisdiction over Surfside.

**I.    The parties' choice-of-law provision does not subject Surfside to jurisdiction in Maryland.**

IHS asserts that "the contract in dispute was 'deemed to have been made' in Maryland."  *See* IHS opp. at 1, 6 (quoting the contract).  This is entirely incorrect.  In § 6.8 of the contract (complaint, Ex. A), the parties agreed that the contract "shall be deemed to have been made and shall be construed and interpreted in accordance with the laws of the State of Maryland."  This rather typical and unambiguous choice-of-law provision means just what it says and it should not be distorted, as IHS proposes to do, to convert it into an "agreement" to personal jurisdiction.  *See Taylor v.*

*Nations Bank, N.A.*, 365 Md. 166, 179 (2001) ("[W]hen the language of the contract is plain and unambiguous there is no room for construction.").

In any event, the parties' agreement to a choice-of-law provision is not a "substantial connection" that would permit personal jurisdiction in this case. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957) (defendant's contacts with the forum state must be "substantial" to warrant personal jurisdiction); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985) (choice-of-law provision "standing alone would be insufficient to confer jurisdiction").

IHS misreads *Burger King* and *Choice Hotels Int'l v. Madison Three, Inc.*, 23 F. Supp. 2d 617 (D. Md. 1998). Neither case stands for the proposition that a choice-of-law provision is sufficient to confer personal jurisdiction. First, the holdings in *Burger King* and *Choice Hotels* did not depend upon choice-of-law provisions. In *Burger King,* the defendant, unlike Surfside here, "entered into a carefully structured 20-year relationship that envisioned continuing and wide-reaching contacts with [the plaintiff] in [the forum]." 471 U.S. at 480. In *Choice Hotels*, the court similarly emphasized the defendant's "long-term franchise agreement," which contemplated a 20-year contractual relationship, as a "significant Maryland nexus." 23 F. Supp. 2d at 621.

Furthermore, the contract in *Burger King* provided that the choice-of-law designation "does not require that all suits concerning [the

contract] be filed in [the forum]." 471 U.S. at 482 (quotation omitted). The Court thus reasoned that the "negative implication" of this provision was that such suits "*could* be filed [in the forum]." *Id*. at 482, n.24 (emphasis in original). The contract in *Choice Hotels,* again altogether unlike the contract between IHS and Surfside, explicitly stated that "the parties entered into contract in Silver Spring, Maryland." *See* 23 F. Supp. 2d at 619.

In the present case, there is no "significant Maryland nexus" because, undeniably, Surfside is a New York company and the entire business rationale for the parties' contract and the resulting alleged contractual breaches relate to Florida, not Maryland. *See* complaint, *e.g.*, at ¶¶1-2.

**II.    IHS's emphasis on its Maryland contacts is misplaced.**

Recognizing the inadequacy of Surfside's Maryland contacts, IHS seeks to bootstrap its argument by focusing on its presence and activities in Maryland. *See* IHS opp. at 2-3, 8; Box Aff., ¶¶ 3, 5. This effort reflects a deep misunderstanding of personal jurisdiction principles. Personal jurisdiction requires that the defendant have sufficient contact with the forum state. *See, e.g., McGee,* 355 U.S. at 223. IHS's Maryland contacts, including having an office in Maryland and conducting business here, are irrelevant to the issue of the Court's personal jurisdiction over Surfside. *See, e.g., Hanson v. Denckla,* 357 U.S. 235, 253 (1958); *Ritz Camera Ctrs., Inc., v.*

*Wentling Camera Shops, Inc.*, 982 F. Supp. 350, 355 (D. Md. 1997); *Zavian v. Foudy*, 130 Md. App. 689, 693 (2000).

If a plaintiff's residence were sufficient to create jurisdiction over a defendant (and it is not), the consequence would be that all contracts between a Maryland resident (plaintiff) and a non-resident (defendant) would subject the non-resident to the jurisdiction of the courts of Maryland. That is not the law. *See Burger King*, 471 U.S. at 479 ("If the question is whether an individual's contract with an out-of-state party *alone* can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.") (emphasis in original).

IHS's contacts with Maryland are particularly irrelevant to the analysis here because the underlying transaction and the current dispute between the parties relate entirely to the operations of facilities in Florida. *See Mun. Mortgage & Equity, LLC v. Southfork Apartments Ltd. P'ship*, 93 F. Supp. 2d 622, 627 (D. Md. 2000) (noting plaintiff's "strained view [of personal jurisdiction] is divorced from the inherent nature of the parties' undertaking, which was, in essence, a venture" in the non-forum state).

### III. Surfside's alleged contacts do not create the requisite "substantial connection" with Maryland.

Turning, then, to the relevant inquiry of Surfside's, not IHS's, Maryland contacts, Surfside's alleged contacts with Maryland are too minimal and attenuated to show that it purposefully created a "substantial connection" with the state. *See The Harry Jeanette Weinberg Found., Inc. v.*

*ANB Inv. Mgt. And Trust Co.,* 966 F. Supp. 389, 391-92 (D. Md. 1997) ("[T]he Fourth Circuit has made it clear that <u>due process requires that a defendant's contacts with the forum state be tantamount to physical presence there.</u>") (emphasis added).

IHS alleges that Surfside communicated with IHS in connection with the contract, promised to pay IHS under the contract, and requested that IHS to enter the contract. These allegations do not establish the constitutionally required "purposeful availment." *See, e.g., Elliot Mach. Corp. v. John Holland Party*, 995 F.2d 474, 478 (4th Cir. 1993) (defendant lacked sufficient contacts with Maryland, even though the defendant initiated contract negotiations with the Maryland plaintiff, and the negotiations involved several weeks-worth of letters, facsimiles, and telephone calls to Maryland); *Mun. Mortgage*, 93 F. Supp. 2d at 628 (finding insufficient "minimum contacts" where the non-resident defendant sent interest payments, bond servicing fees, requests for funds, and periodic progress and operating reports to Maryland in connection with an on-going housing project); *Ritz Camera Ctrs.*, 982 F. Supp. at 352, 354 ("serious, substantive negotiations" that occurred between the resident plaintiff and the non-resident defendant in the form of "many telephone calls, facsimile memoranda and mail correspondence" did not create personal jurisdiction).

IHS's cause is not advanced by the thin allegation that IHS agreed to the contract with Surfside at Surfside's request. *See* Box Aff., ¶ 4

("IHS entered into the Services Agreement at Defendant's [Surfside's] request."); complaint, ¶ 2 (same).  Such a request does not constitute sufficient contacts with the forum state.  *See Elliot Mach. Corp.*, 995 F.2d at 478 (finding no personal jurisdiction despite fact that "there is no question that [the defendant] purposefully initiated the business relationship between the parties"); *Zavian*, 130 Md. App. at 766 (no personal jurisdiction even though the defendants initially contacted the plaintiff to solicit her help in a labor dispute and each defendant "individually contacted [plaintiff]" and "proposed that she act as their agent").

In *Zavian*, the defendants did not purposefully seek Maryland contacts when they contracted with plaintiff to negotiate commercial endorsements "**from** Maryland," rather than "**within** Maryland."  *See* 130 Md. App. at 700 (emphasis in original).  So, too, here.  IHS's complaint makes clear that the contract at issue concerned the management of Florida facilities for a "transition period" after the transfer of the facilities' operations from IHS's affiliates to Surfside affiliates.  *See* complaint at ¶¶ 1, 2; contract, Ex. A (listing the IHS affiliates: "IHS of Florida No. 1, Inc." through "IHS of Florida No. 14, Inc").

In sum, this lawsuit was brought in this Court because the plaintiff is located in Maryland.  That, however, is a constitutionally insufficient and, indeed, irrelevant basis for jurisdiction over the defendant.  The only relevant inquiry is Surfside's contacts with Maryland and those

contacts are, as a matter of law, insufficient to give this Court personal jurisdiction over Surfside.

## CONCLUSION

For the reasons stated above and in Surfside's opening memorandum, Surfside's motion to dismiss should be granted.

Respectfully submitted,

/s/
Ralph S. Tyler (Fed. Bar No. 01747)
HOGAN & HARTSON L.L.P.
111 South Calvert Street, Suite 1600
Baltimore, MD 21202
(410) 659-2700
(410) 539-6981 (Fax)

Attorney for Defendant New Surfside Administrators, LLC

April 10, 2003