### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

Integrated Health               :
Services, Inc.                  :
                                :
v.                              :        Civil Action: WMN-03-350
                                :
New Surfside                    :
Administrators, LLC.            :

### MEMORANDUM

Before the Court is a motion to dismiss for lack of personal jurisdiction (Paper No. 7).  The motion has been fully briefed and is ripe for review.  After reviewing the pleadings and applicable case law, the Court determines that no hearing is necessary (Local Rule 105.6).  The Defendant's motion will be granted.

Defendant, New Surfside Administrators ("Surfside"), is a limited liability company organized under the laws of New York and with its principal place of business in White Plains, New York.  Plaintiff, Integrated Health Services ("IHS"), is incorporated in Delaware and operates principally out of Maryland.  In June, 2002, Plaintiff transferred the operation of fourteen nursing facilities to Defendant.  All of the nursing facilities are located in Florida.  In addition, Defendant initiated a brief interim service agreement (the "Agreement") with Plaintiff; Plaintiff agreed to serve in a temporary capacity and manage a variety of administrative

tasks during a four-month transitional period.  The Agreement stipulated that Defendant would pay IHS a monthly fee, as well as reimburse IHS for any funds it advanced in the course of these administrative duties.  IHS's complaint alleges that Surfside has failed to pay IHS for services rendered and failed to reimburse IHS for payments it made.  IHS is seeking more than $1.3 million dollars in damages for breach of contract and unjust enrichment.

Defendant claims that Plaintiff failed to sufficiently allege personal jurisdiction and moves to dismiss the complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  "A federal court sitting in diversity has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction[1] and

---

[1] The Maryland long arm statute states in relevant part that jurisdiction is authorized when a defendant:

(1) transacts any business or performs any character of work or service in the State;. . .(3) causes tortious injury in the State by an act or omission in the State; [or] (4) causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State. . . .

Md. Code Ann., Cts. & Jud. Proc. § 6-103(b).

(2) the assertion of that jurisdiction is consistent with constitutional due process."  Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993).  It has long been recognized that Maryland's long-arm statute provides jurisdiction to the full extent permitted by due process. Id.; McGann v. Wilson, 117 Md. App. 595 (1997).  Thus, the Court need only determine whether subjecting Defendant to suit in Maryland would be consistent with the Due Process Clause of the Fourteenth Amendment.  Once a defendant raises a Rule 12(b)(2) defense, the plaintiff bears the burden of proving that the court can exercise personal jurisdiction over the defendant by a preponderance of the evidence.  Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993).

When analyzing personal jurisdiction, courts distinguish between specific and general jurisdiction.  Specific jurisdiction is properly exercised where a defendant's "minimum contacts" with a forum arise out of the controversy. Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414 (1984).  Alternately, a court may exercise general jurisdiction "[e]ven when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum" if there are "sufficient contacts between the State and the foreign corporation."  Id.  General jurisdiction,

3

however, requires a higher "minimum contacts" standard; the
party alleging personal jurisdiction must show that the
foreign party's contacts are "continuous and systematic."  Id.
at 416.

Physical presence within the forum state is not required
to establish personal jurisdiction over a non-resident
defendant.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476
(1985). Jurisdiction is also established if it can be shown
that the defendant has purposefully directed its activities
towards the resident of the forum state, id. at 472, or
otherwise "purposefully avail[ed] itself of the privilege of
conducting activities within the forum State, thus invoking
the benefits and protections of its laws."  Hanson v. Denkla,
357 U.S. 235, 253 (1958).  For this Court to exercise personal
jurisdiction over Defendant, due process requires that it have
at least "minimum contacts" with Maryland "such that the
maintenance of the suit does not offend traditional notions of
fair play and substantial justice."  Int'l Shoe Co. v.
Washington, 326 U.S. 310, 316 (1945).

While Plaintiff bears the burden of proving personal
jurisdiction, at this stage in the litigation that burden is
minimal: "[W]hen, as here, the court addresses the question on
the basis only of motion papers, supporting legal memoranda

4

and the relevant allegations of a complaint, the burden on the plaintiff is simply to make a prima facie showing of a sufficient jurisdictional basis in order to survive the jurisdictional challenge." Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (citation omitted).  In considering Plaintiff's argument at this early stage, the Court will "construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction." Id. (citation omitted).

Plaintiff's only arguments concern the specific jurisdiction arm of personal jurisdiction.  Plaintiff makes no argument in support of general jurisdiction, which requires that "a defendant's contacts with the forum state be tantamount to physical presence there" to meet due process standards. Harry & Jeanette Weinberg Found. v. ANB Inv. Mgmt. & Trust Co., 966 F.Supp. 389, 391 (D. Md. 1997).[2]

---

[2]In a footnote, however, Plaintiff suggests that, "[s]hould the court disagree that the Complaint and Exhibit 'A' set forth sufficient facts to allow the assertion of personal jurisdiction over Defendant, the appropriate remedy is not dismissal.  Rather, IHS should be permitted to obtain discovery from Defendant regarding its contacts with Maryland."  Pl.'s Opp. at 2, n.1.

The wide latitude allowed for discovery is matched by the Court's "'broad discretion in its resolution of discovery problems that arise in cases pending before it.'" Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993) (quoting In

Plaintiff primarily contends that personal jurisdiction
has already been established because the Agreement, which was
incorporated by reference into the Complaint, contains a
choice of law provision.  The provision reads:

> **6.8  <u>Governing Law.</u>**  This Agreement shall be deemed
> to have been made and shall be construed and
> interpreted in accordance with the laws of the State
> of Maryland.

Pl.'s Compl., Ex. A at § 6.8.  Plaintiff avers that the
inclusion of this provision makes it clear that the parties
agreed to Maryland as a forum for adjudicating disputes and
that the contract was created in Maryland.  Plaintiff further
contends that Defendant purposefully availed itself of

---

re Multi-Piece Rim Prods. Liab. Litig., 653 F.2d 671, 679
(D.C. Cir. 1981)).  While limited discovery may occasionally
be appropriate to explore jurisdictional issues, id., the
facts in this case do not warrant such an allowance.  Here, it
is not "clear that the facts bearing on the question of
jurisdiction are genuinely in dispute," as they were in Burns
& Russell Co. of Balt. v. Oldcastle, Inc., 166 F.Supp.2d 432,
442 (D. Md. 2001), where the court allowed discovery;
Plaintiff has not made any assertion that Defendant's contacts
with Maryland are sufficient to invoke general jurisdiction.
See Mylan Labs, 2 F.3d at 64 (finding that district court did
not abuse its discretion in denying discovery where "pleadings
contained no specific facts that could establish the requisite
contacts with Maryland"); McLaughlin v. McPhail, 707 F.2d 800,
806-07 (4th Cir. 1983) (affirming district court's denial of
discovery where plaintiff "offered nothing beyond his bare
allegations that the defendants had had significant contacts
with the state of Maryland" and failed to produce documentary
evidence of defendant's contacts with Maryland (internal
quotations omitted)).  Thus, the Court finds that no
jurisdictional discovery is warranted.

Maryland law by initiating the Agreement, entering into the
contract, and communicating and interacting with Plaintiff
during the course of their business relationship.  Defendant,
however, challenges the sufficiency of its contacts with
Maryland and attacks Plaintiff's interpretation of the
provision.

    In keeping with Maryland's preference for "the objective
law of contract interpretation and construction," the Court
will assume that "'when the language of the contract is plain
and unambiguous there is no room for construction, and a court
must presume that the parties meant what they expressed.'"
Taylor v. Nations Bank, N.A., 365 Md. 166, 178-79 (2001)
(citations omitted) (quoting General Motors Acceptance Corp.
v. Daniels, 303 Md. 254, 261 (1985)).  Plaintiff's assertion
that the Agreement was "'deemed to have been made' in
Maryland" misreads the unambiguous meaning of the § 6.8
provision.  Pl.'s Opp. at 6.  A proper reading of the clause
reveals that the contract was "deemed to have been made . . .
in accordance with the laws of the State of Maryland."  Pl.'s
Compl., Ex. A at § 6.8.  As it stands, the provision suggests
only a choice of law; the parties agreed that the contract
would be governed by the laws of Maryland.  If the desired
effect had been to establish Maryland as a forum for disputes

or as the locus of the contract, the drafters could have simply added a preposition and a pair of commas to make their intentions clear; e.g., "This Agreement shall be deemed to have been made in, and shall be construed and interpreted in accordance with the laws of, the State of Maryland." Alternately, the parties could have included an explicit forum selection clause. The provision that they did choose to include does not, however, establish Maryland as either a forum or the site of the contract's creation.

In the alternative, Plaintiff argues that merely agreeing to this choice of law provision is enough to establish sufficient purposeful availment and minimum contacts such that personal jurisdiction is warranted. Plaintiff points to both Burger King Corp. and Choice Hotels International, Inc. v. Madison Three, Inc., 23 F.Supp.2d 617 (D. Md. 1998), as evidence that choice of law provisions may establish personal jurisdiction; however, Defendant's closer reading of these cases is more accurate. The United States Supreme Court and the District Court of Maryland, respectively, weighed choice of law provisions in addition to the long-standing business relationships that existed in those cases. In his opinion, Justice Brennan specifically states that "such a provision standing alone would be insufficient to confer jurisdiction. .

. ."  Burger King, 471 U.S. at 482.  The term of the instant agreement, which ran only from June 6 until September 30, 2002, is far different the 20-year franchise agreements in Burger King and Choice Hotels.

Plaintiff also argues that, regardless of the import of the choice of law provision, Defendant's contacts with Maryland are significant enough to bring it under the purview of the Maryland long-arm statute.  Plaintiff points to the "fees and reimbursables" that Defendant was required to pay Plaintiff in Maryland, as well as the "continuing communication and interaction between Defendant and IHS at its principal place of business in Maryland," as evidence that Defendant should be subject to this Court's jurisdiction. Pl.'s Opp. at 8.  Plaintiff also notes that it was Defendant who initiated the agreement and cites this as another factor that militates in favor of finding personal jurisdiction.  The Fourth Circuit, however, teaches that "[t]he linchpin for long-arm jurisdiction . . . is the quantity and quality of the defendant's activity in the forum state," and that "[t]o create a basis for the exercise of in personam jurisdiction . . . the defendant's activities must in any event create a 'substantial connection' between [it]self and the forum state." Stover v. O'Connell Assocs., 84 F.3d 132, 136 (4th Cir.

9

1996).

The facts that Plaintiff alleges, even when taken to be true, do not create the requisite prima facie case for personal jurisdiction. Defendant's phone calls and payments did not create a substantial connection with Maryland. See Cape v. von Maur, 932 F.Supp. 124, 128 (D. Md. 1996) ("Generally speaking, correspondence and phone calls from out-of-state defendants to in-state plaintiffs are insufficient as a matter of law to establish the minimum contacts that satisfy due process."); see also Ritz Camera Ctrs., Inc. v. Wentling Camera Shops, Inc., 982 F.Supp. 350, 355 (D. Md. 1997) (holding that "intense" negotiations that took place via telephone, mail, and facsimile did not create personal jurisdiction). The contract was not performed in Maryland, nor did the agreement's 4-month term create a longstanding relationship. See Ellicott Mach. Corp. v. John Holland Party, Ltd., 995 F.2d 474, 478 (4th Cir. 1993) (finding no personal jurisdiction where contract was not performed in Maryland and did not result from a longstanding business relationship, despite having been purposefully initiated by the plaintiff). Instead, the services rendered by Plaintiff were merely conducted from Maryland, rather than within the state. See Zavian v. Foudy, 130 Md. App. 689, 700 (2000) (finding "[t]he

professional services rendered . . . could best be termed as

business **from** Maryland, or as the Supreme Court put it,

'unilateral activity,' rather than business **within** Maryland"

and, thus, insufficient to establish personal jurisdiction

(emphasis in original) (citing <u>Hanson</u>, 357 U.S. at 253 ("The

unilateral activity of those who claim some relationship with

a nonresident defendant cannot satisfy the requirement of

contact with the forum State.")))。

   Plaintiff cites two cases suggesting that the Agreement

created sufficient contacts with Maryland such that Surfside

should be subject to personal jurisdiction.  In <u>Jason</u>

<u>Pharmaceuticals, Inc. v. Jinas Bros. Packaging Co.</u>, 94 Md.

App. 425 (1993), the parties negotiated and entered into their

contract in Maryland; the court found this sufficient

"purposeful activity" in the forum state to exercise personal

jurisdiction.  As stated above, in the instant case there is

no evidence that the contract was negotiated or entered into

in Maryland.  Plaintiff also cites <u>McGee v. International Life</u>

<u>Insurance Co.</u>, 355 U.S. 220 (1957), as an example of a single

contract that created personal jurisdiction.  In <u>McGee</u>, the

contract spanned six years, as opposed to the brief four-month

contract between IHS and Surfside; the longer term of the

<u>McGee</u> contract created much more significant contacts with the

11

forum state.  Neither of the cases Plaintiff cites weigh

conclusively in its favor.

    For the foregoing reasons, Defendant's Motion to Dismiss

is hereby granted.[3]  A separate order consistent with this

memorandum will issue.

                                        _____/s/_____

                                        William M. Nickerson
                                        Senior United States District
                                        Judge

Dated: July 1, 2003

---

    [3]The Court's decision to dismiss is without prejudice.
Plaintiff should have no difficulty re-filing the claim in a
more appropriate forum, as both Florida and New York appear to
have generous statutes of limitation for such actions.

12